**SU ZHEN WENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–2928–ag.**

United States Court of Appeals, Second Circuit.

May 8, 2006.

Peter D. Lobel, New York, New York, for Petitioner.

Deborah J. Rhodes, United States Attorney for the Southern District of Alabama, David Andrew Sigler, Assistant United States Attorney, Mobile, Alabama, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Su Zhen Weng, a native and resident of China, petitions for review of the BIA's order affirming immigration judge ("IJ") Alan Page's decision denying Weng's claim for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng*

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

*Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, the IJ reasonably found that the testimony and the documentary evidence in the record were insufficient for Weng to establish a claim for relief based on her Christian faith. As an initial matter, Weng's testimony was inconsistent with her asylum application regarding the churches she attended in China. Also, her testimony was inconsistent with the statements she made at the interview with the border patrol agent, concerning her objective for coming to the United States.

Weng's effort to corroborate her claim was wholly insufficient. She did not submit any evidence of her church membership in China and the documents she submitted to prove church membership in the United States were inadequate. It was reasonable for the IJ to expect that Weng would submit corroborating evidence to prove her membership in the Chinese Christian Church of Queens. Weng's testimony was sparse and at times inconsistent, making the need for corroboration necessary. *See Diallo v. INS,* 232 F.3d 279, 289–90 (2d Cir.2000); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003).

Even if Weng's involvement with the church in the United States is true, it is still speculative what would happen to her if she returned to China. The IJ noted that it is unclear whether or not she would be an active member of the underground church, which would result in her being arrested. The IJ also observed that he did not believe Weng would be arrested solely because she left China illegally. In the absence of solid support in the record for a petitioner's assertions that she will be subjected to persecution, her fear is speculative at best. *See e.g., Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). These are "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)).

Finally there is no evidence in the record to support Weng's contention that she will be tortured if she returns to China. *See Xue Hong Yang v. USDOJ,* 426 F.3d 520, 522 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).